# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| A.W., an individual,<br><br>          **Plaintiff,**<br><br>      **v.**<br><br>INTOWN PROPERTIES V, LLC;<br><br>SHADY LANE ADULT MOTEL;<br><br>P & S SHIVAM LLC;<br><br>SANMUKH L.L.C; AND<br><br>AARSHA LLC<br><br>         **Defendants.** | **Case No.** 2:25-cv-603<br><br>**JUDGE ALGENON MARBLEY**<br><br>**Related Cases:** 2:19-cv-849<br>                   2:24-cv-4141<br>                   2:24-cv-4164<br>                   2:24-cv-4166<br>                   2:24-cv-4168<br>                   2:24-cv-4211<br>                   2:25-cv-358<br>                   2:25-cv-461 |

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST P & S SHIVAM LLC

Plaintiff A.W. ("Plaintiff"), by and through counsel, moves for Default Judgment against Defendant P & S Shivam LLC ("Defendant"), pursuant to Federal Rules of Civil Procedure 55(b). Plaintiff relies on the below Memorandum in Support.

Respectfully Submitted,

/s/ Jeremy W. Hoshor-Johnson
Jeremy W. Hoshor-Johnson (0075502)
Babin Law, LLC
10 W. Broad Street, Suite 900
Columbus, OH 43215
T: 614-761-8800
E: jeremy.hoshorjohnson@babinlaws.com

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

A.W., an individual,

                   Plaintiff,

    v.

INTOWN PROPERTIES V, LLC;

SHADY LANE ADULT MOTEL;

P & S SHIVAM LLC;

SANMUKH L.L.C; AND

AARSHA LLC

                   Defendants.

Case No. 2:25-cv-603

JUDGE ALGENON MARBLEY

Related Cases: 2:19-cv-849
2:24-cv-4141
2:24-cv-4164
2:24-cv-4166
2:24-cv-4168
2:24-cv-4211
2:25-cv-358
2:25-cv-461

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

### I. INTRODUCTION

Plaintiff A.W. submits this Memorandum in Support of Motion for Default Judgment against Defendant P & S Shivam LLC, pursuant to Fed. R. Civ. P. 55(B)(2). Defendant has failed to plead or otherwise defend this action, and the Clerk entered default on July 7, 2025. ECF No. 18.

Plaintiff now seeks Default Judgment on all claims asserted in the Complaint. Because the damages sought are not for a sum certain and cannot be determined by simple calculation, the Plaintiff requests that the Court determine the amount of damages by scheduling a hearing to establish the appropriate relief.

Entry of Default Judgment is appropriate in this case, as Plaintiff's well-pleaded allegations

1

establish Defendant's liability under 18 U.S.C. § 1595, the Trafficking Victims Protection Reauthorization Act ("TVPRA").

## II. STATEMENT OF FACTS

### A. Sex Trafficking of A.W. at the Budget Inn Owned by P & S Shivam LLC

A.W. was placed into sex trafficking at 14-years-old. ECF No. 1, Compl. at ¶ 69. From approximately 2007 through 2019, A.W. was trafficked for sex at the property located at 3963 Westerville Road, Columbus, OH 43224. *Id.* at ¶ 82. In or about 2013, Defendant began to own and operate the Budget Inn located at 3963 Westerville Road, Columbus, OH 43224. *Id.* at ¶ 112.

During this six (6) year period, A.W. was violently raped and sold for sex at the Budget Inn. *Id.* at ¶ 131. She was forced to have sex with multiple men per day, every day that she was kept on the property. *Id.*

Hotel staff at the Budget Inn possessed both actual and constructive knowledge that A.W. was being sold for sex at their motel. *Id.* at ¶ 132. Staff members at the Budget Inn would witness many well-known red flags of sex trafficking including but not limited to: paying for stays in cash; paying for extended stays on a day-by-day basis; requesting a room away from other guests; obvious signs of illegal drug use, frequent requests for linen changes; large number of condoms in the trash; physical abuse in public spaces; visible signs of prior and private physical abuse; large number of male visitors at all hours; asking the front desk to not be disturbed; women wearing clothing inappropriate for the weather; loud noises of abuse or other emergency audible to staff or other rooms; and living out of the motel room. *Id.* at ¶ 128. These red flags were open and obvious to anyone working at the Budget Inn and were present during every stay. *Id.* at ¶ 132.

Staff at the Budget Inn directly profited and benefited from the room reservations and Wi-Fi utilized by A.W.'s trafficker for the purpose of advertising A.W. for commercial sex. *Id.* at ¶

136. These profits are a direct result of Defendant's participation in the sex trafficking venture with A.W.'s traffickers. *Id.*

### B. **Defendant P & S Shivam's Failure to Reply**

Defendant has failed to reply to any and all pre-suit attempts, as well as this lawsuit. On September 20, 2023, Plaintiff's attorney mailed a settlement demand to Jignesh Patel, registered agent of P & S Shivam LLC, which was ultimately returned to sender, due to non-acceptance. Ex.1-2. On January 13, 2025, Plaintiff's attorney further attempted pre-settlement resolution by mailing a settlement demand letter to the registered agent for Budget Inn, Jignesh Patel, located at 3963 Westerville Road, Columbus, OH 43224. Ex. 3. This letter was delivered and signed for by the Budget Inn on January 22, 2025, at 7:10 p.m. EST. Ex. 4-5. No response was received, and Plaintiff's attorney mailed a follow-up letter to the settlement demand on February 20, 2025. Ex. 6. This letter was delivered and signed for by the Budget Inn on February 25, 2025, at 7:07 p.m. EST. Ex. 7-8. Again, Plaintiff's attorney mailed a second follow-up letter to the Budget Inn on March 31, 2025. Ex. 9. This letter was not delivered to the facility, as USPS left notice for Defendant to schedule redelivery, which upon information and belief, Defendant never did so. Ex. 10-11. Upon information and belief, Defendant, nor any representative on behalf of Defendant, has reported this claim to their insurer or retained defense counsel.

Due to the complete lack of response from Defendant prior to litigation, Plaintiff filed a Complaint in the United States District Court for the Southern District of Ohio on May 30, 2025. ECF No. 1. Pursuant to Fed. R. Civ. P. 12(a)(1)(i), Defendant's answer was due on or before June 26, 2025.

On July 2, 2025, Plaintiff's counsel filed an Entry for Default against Defendant. ECF No. 17. On July 7, 2025, the Clerk granted Entry for Default against Defendant. ECF No. 18.

3

As of the date of this filing, July 9, 2025, Defendant has failed to file an answer or otherwise respond to the Complaint. Additionally, no attorney or representative for Defendant has contacted Plaintiff's counsel to request an extension of time or indicate any intention to appear in this matter. On July 7, 2025, at or around 12:24 p.m. EST, a man by the name of "Raj," who identified himself as the Manager for the Budget Inn, called into the office of Plaintiff's counsel. This man notified Plaintiff's counsel that Defendant had made no attempts to obtain counsel.

### III. LEGAL STANDARD

On a Motion for Default Judgment under Fed. R. Civ. P. 55(b)(2), the Court accepts as true the facts alleged in the Complaint. "Once the default has been entered, the well-pleaded facts of the Complaint relating to liability must be accepted as true." *United States v. Cunningham,* No. 07-CV-212, 2009 U.S. Dist. LEXIS 2623, *8 (S.D. Ohio Jan. 15, 2009) (Black, J.). The plaintiff must present documentary evidence or affidavits demonstrating the amount of damages to which the Plaintiff is entitled, or the Court will hold a hearing to determine damages. *Id.*

### IV. ARGUMENT

Plaintiff A.W., through her signed counsel, has satisfied the conditions of Fed. R. Civ. P. 55, and the facts alleged in the Complaint are deemed to be true, establishing A.W.'s claims, the Court should grant default judgment against P & S Shivam LLC.

### A. P & S Shivam LLC Is Liable for All Claims Alleged in the Complaint, and the Court Should Award A.W. Damages to be Determined

By the Order of the Clerk, default has been entered against Defendant. ECF No. 18. Under Fed. R. Civ. P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A.W. has satisfied the conditions under Fed. R. Civ. P. 55(a),

establishing that Defendant has failed to plead or defend, as evidenced by the Clerk's entry of default. ECF No. 18.

When deciding default judgment, the Court accepts as true the Complaint's well-plead factual allegations regarding liability, through "[t]he plaintiff showing that, when all of the factual allegations in the Complaint are taken as true, the Defendant is liable for the claims asserted." *JJ Rods LLC v. Horchen*, 2024 U.S. Dist. LEXIS 101743 *3 (S.D. Ohio, 2024) *(*citing *Methe*, 2019 U.S. Dist. LEXIS 116916, 2019 WL 3082329, at *1) *see also Microsoft Corp. v. McGee*, 490 F. Supp. 2d 874, 878 (S.D. Ohio, 2007). Where the factual allegations of the Complaint provide a sufficient legal basis for entry of a default judgment, the Court conducts an inquiry to ascertain the amount of damages. *Arista Records, Inc. v. Beker Enter.*, 298 F. Supp. 2d 1310, 1311-12 (S.D. Fla. 2003).

### 1. P & S Shivam LLC is Liable Under the Trafficking Victim's Protection Reauthorization Act ("TVPRA")

The facts alleged in A.W.'s Complaint, now deemed true, establish its claim of a violation of the TVPRA. Specifically, Defendant violated the TVPRA when allowing A.W.'s trafficker to harbor and sell her for sex at the Budget Inn. ECF No. 1, Compl., 123-132.

#### a. *A.W.'s Prima Facie Case of Liability Under the TVPRA*

In order to establish a prima facie case under the TVPRA, 18 U.S.C. § 1595(a), against Defendant, A.W. must show that (1) Defendant knowingly benefited, attempted to conspire or benefit, or received anything of value; (2) from participation in a venture engaged in trafficking; and (3) from which that person knew or should have known has engaged in an act in violation of the TVPRA.

In the case of A.W., Defendant knowingly benefited every time they rented a room to A.W.

or her trafficker. ECF No. 1, Compl., at ¶ 71. This Court has previously found that "the rental of a room constitutes a financial benefit from a relationship with the trafficker sufficient to meet this element of the § 1595(a) standard." *M.A. v. Wyndham Hotels & Resorts, Inc.,* 425 F. Supp. 3d 959, 965 (2019). *See also H.H. v. G6 Hosp., LLC,* 2019 U.S. Dist. LEXIS 211090 *7 (2019) (holding that room rentals are enough to satisfy the element of knowingly benefiting). Therefore, Defendant knowingly benefited financially from the sex trafficking venture by renting rooms to A.W. and her trafficker.

The second element requires the Court to evaluate whether Plaintiff has alleged facts to show Defendant's conduct constituted "participation in a venture" under § 1595(a). A.W.'s trafficker had a sex trafficking venture, and used the Budget Inn owned by Defendant to conduct its venture, engaging in the sexual exploitation of A.W. This Court has previously decided that "'Participation' under § 1595 does not require actual knowledge of participation in the sex trafficking itself." *M.A.*, 425 F. Supp. at 967. In her Complaint, A.W. alleges that Defendant should have known they were engaging in a venture by participating in sex trafficking, due to the extensive red flags present during every stay at the Defendant's property. ECF No. 1, Compl. at ¶ 128. Additionally, Defendant continued to rent rooms to A.W.'s trafficker for nearly six (6) years. *Id.* at ¶ 124. This Court has previously found that demonstrating a defendant rented rooms to people they knew or should have known were engaged in sex trafficking, is sufficient to satisfy this element. *H.H. v. G6 Hosp., LLC,* 2019 U.S. Dist., at 13. *See also S.W.,* 2020 U.S. Dist. LEXIS 44961, at 21. (holding that Plaintiff alleged sufficient facts to demonstrate defendants participated in a venture under § 1595, by alleging Defendant rented rooms to people they knew or should have known were involved in sex trafficking.)

This Court has previously decided that a defendant knew or should have known they were

engaged in a venture involving trafficking because "the plain text of § 1595(a) makes clear that the standard under this section is a negligence standard of constructive knowledge." *Id.* at *7. A.W.'s allegations against Defendant include the following:

- "Plaintiff A.W. was subjected to sex trafficking at the independently owned Budget Inn located at 3963 Westerville Road, Columbus, OH 43224." ECF No. 1, Compl. at ¶ 123.

- "A.W.'s pain and suffering at the Budget Inn was ongoing, as loud sounds of abuse and A.W.'s screams for help could often be heard from the room." *Id.* at ¶ 127.

- "Further, A.W.'s stays at the Budget Inn resulted in several consistent red flags, including, but not limited to: paying for stays in cash; paying for extended stays on a day-by-day basis; requesting a room away from other guests; obvious signs of illegal drug use; frequent requests for linen changes; unusually large number of used condoms in the trash; physical abuse in public spaces; visible signs of prior and private physical abuse; unusually large number of male visitors coming in and out of the room; asking the front desk not to be disturbed; women wearing clothing inappropriate for the weather; loud noises of abuse or other emergency audible to staff or other rooms; and living out of hotel room." *Id.* at ¶ 128.

- "Based on information and belief, before and at the time A.W. was trafficked at the Budget Inn, P & S staff saw A.W. being held captive, controlled, drugged, abused, hit, and trafficked for sex there. P & S and their employees directly witnessed all signs of sex trafficking, including the trafficking of A.W., described above." *Id.* at ¶ 129.

- "Based upon information and belief, P & S read all online reviews about their

property. Numerous reviews were left online about Budget Inn that directly put P & S on notice of red flags of sex trafficking, including from 2013 through 2019. Reviews specifically mention no acceptance of credit or debit payments, availability of hourly rates, labeling Budget Inn as a "hookup motel," owner living on the property, and other indicators of illicit activity. P & S read and responded to online reviews, and one can see their response and acknowledgements online." *Id.* at ¶ 133.

This Court has previously found that nearly identical allegations are sufficient to allege constructive knowledge. *S.W. v. Lorain-Elyria Motel, Inc.,* 2020 U.S. Dist. LEXIS 44961 *17 (2020). Additionally, this Court has found that in addition to being on notice of sex trafficking at the property and failing to take steps to further prevent such activity from occurring, it is also sufficient to demonstrate the ways in which staff should have been alerted to Plaintiff's trafficking. *Id.* at *18. Allegations of personal knowledge have been found sufficient under the negligence standard of § 1595. *Id. See also H.H. v. G6 Hosp., LLC* 2020 U.S. Dist. LEXIS 21090 at *10. Based on prior rulings by this Court, as well as the well-pleaded allegations, this is more than sufficient to establish that Defendant had constructive or actual knowledge they were engaged in a venture participating in the trafficking of A.W.

Thus, Defendant has willfully violated the TVPRA pursuant to 18 U.S.C. § 1595. Accordingly, the Court should find Defendant liable for a violation under the TVPRA, and award A.W. damages as allowed by the statute.

      b.  *This Court Should Determine and Award Damages Under the TVPRA for P & S Shivam LLC's Violation*

A.W. does not seek damages in an amount certain from Defendant. Thus, the Court must

ascertain the amount of damages to award. Fed. R. Civ. P. 55(b)(2). The Fed. R. Civ. P. allow, but does not require, a Federal District Court to conduct an evidentiary hearing. *Vesligaj v. Peterson,* 331 F. App'x 351, 354 (6th Cir. 2009) (citing *Fustok v. ContiCommodity Servs., Inc.,* 873 F.2d 38, 40 (2d Cir. 1989)). Additionally, Plaintiff is entitled under § 1595(a) to recover reasonable attorneys fees and costs, and hereby requests such fees and costs be determined at the damages hearing. *Beaver v. Eastland Mall Holdings, LLC,* 2021 U.S. Dist. LEXIS 53089 *9 (2021).

## V. CONCLUSION

For the foregoing reasons, A.W. respectfully requests the Court grant its Motion for Default Judgment and award attorney's fees and costs, in addition to other damages Plaintiff is entitled to, to be determined through the Court by a damages hearing.

Respectfully Submitted,

/s/ Jeremy W. Hoshor-Johnson
Jeremy W. Hoshor-Johnson (0075502)
Penny L. Barrick (0074110)
Babin Law, LLC
10 W. Broad Street, Suite 900
Columbus, OH 43215
T: 614-761-8800
E: jeremy.hoshorjohnson@babinlaws.com /
Penny.barrick@babinlaws.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of the foregoing *Plaintiff's Motion for Default Against P & S Shivam LLC*, was served via the Court's electronic filing system and also by Certified US Mail, this 10th day of July, 2025, upon the following:

P & S Shivam LLC
C/O Jignesh Patel
3963 Westerville Road
Columbus, OH 43224

*/s/ Jeremy W. Hoshor-Johnson*
Jeremy W. Hoshor-Johnson